UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JEFFREY M. GARBER<br>    Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>    Movant | : | |
| vs. | : | |
| JEFFREY M. GARBER<br>    Respondent | : | CASE NO.   1-23-bk-00249 |

## TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

AND NOW, this   14th   day of December, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

1.  Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income to the Trustee as required.   More specifically, the plan should provide for step-up in payments when child support ends for 17-year-old and 15-year-old children.

2.  Debtor's plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.   More specifically, the debtor has excess non-exempt equity in the following:

   a. Residential real estate.   The Trustee has requested proof of the value of the debtor's home as stated in his schedules.
   b. Commercial real estate – The debtor owns multiple properties; the Trustee requests proof of value of each if a 100% dividend is not paid to all creditors.

3.  The Trustee avers that debtor's plan is not feasible based upon the following:

   a. The plan is underfunded relative to claims to be paid – 100% plan.

4.  The debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9) – 2019 through 2022 (per debtor's testimony).

5. The debtor has not provided the Trustee with information needed in order for the Trustee to comply with § 1302(b)(6).

6. Trustee avers that debtor's plan cannot be administered due to the lack of the following:

   a. The debtor has not provided to the Trustee copies of 2021 and 2022 Federal Income Tax returns as required by § 521(e)(2)(A).
   b. Current Profit and Loss Statement for twelve (12) months – January through December, 2022.

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:    /s/Douglas R. Roeder
       Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 14th day of December, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Paul Murphy-Ahles, Esquire
2132 Market Street
Camp Hill, PA   17011

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee